Memorandum. In this action for specific performance, or alternatively for damages for the loss sustained, upon defendants’ breach of contract to purchase plaintiffs’ real property, and in which defendants interposed a counterclaim for the return of the $2,500 paid by them upon execution of the purchase offer, a judgment was entered in Supreme Court, Erie County, in favor of plaintiffs and against defendants for $8,500, with interest. The amount for which the premises were sold, to persons not involved herein, was $8,500 less than the price which had been contracted for by plaintiffs and defendants. Plaintiffs also proved damages other than this differential.
*869 The Appellate Division modified the judgment so as to provide that the counterclaim be dismissed and, as so modified, affirmed. Said court found that "[i]t is clear that the court intended to dismiss the counterclaim, as the evidence demonstrates that he should have, for the proof of plaintiffs’ damages fully supports the retention of the deposit and the $8,500, with interest, contained in the judgment.” Although Trial Term’s memorandum did not specify that the counterclaim be dismissed, it recites that defendants contend that they "elected to rescind the contract, and are entitled to a return of their deposit”. The trial court found that "[u]pon the execution of the contract, defendants paid a cash deposit on account to plaintiffs’ agent, Howard A. Potter, Inc., in the amount of $2,500”, but refused to find, as requested by defendants, that "[u]pon the plaintiffs’ breach of contract, defendants elected to rescind the contract and duly demanded the return of their $2,500 deposit, no portion of which has been returned to them.” Thus, the court was aware of the deposit and considered it in its computation of damages. As there is no reason to disturb the determination of the Appellate Division, its order should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.